```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
KARINA MARTINEZ,              |
                              |
        Plaintiff             |    COMPLAINT
                              |
                              |    Civil Docket #
        v.                    |
                              |
                              |    PLAINTIFF DEMANDS A TRIAL BY JURY
SILVERLINING INTERIORS, INC., |
                              |
        Defendant             |
                              |
------------------------------X
```

Plaintiff, KARINA MARTINEZ ("MARTINEZ" or "Plaintiff"), by and through her undersigned attorneys, files this, her Complaint, against Defendant SILVERLINING INTERIORS, INC. (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff brings this action charging that the defendant violated Plaintiff's rights under the Family Medical Leave Act ["FMLA"] and retaliated against her for taking leave under the Family Medical Leave Act. Plaintiff also brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter "the Act," to recover unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs. Plaintiff also brings this action under state common law and all applicable

ERISA sections for failure to provide plaintiff with health insurance and other benefits.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the court by § 16(b) of the Act (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This action involves questions of federal law.

3. Venue is proper in this district based upon Defendant's residency within the County of New York, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

4.     At all times material, Plaintiff was and continues to be an individual who resides in Queens County, New York, and is a former employee of the Defendant.

5.     At all times material, Defendant, did and continues to do substantial business in New York County, New York, and engages in commerce or the production of goods for commerce within the meaning of the Act.

6. At all times material, Defendant's wrongful acts and/or omissions occurred within New York County, New York.

7. Defendant employer employs 50 or more employees within 75 miles.

8. Plaintiff has retained the law firm of AKIN & SMITH, LLC to represent her interest in this litigation and has agreed to pay the firm a reasonable fee for its services.

## MATERIAL FACTS

9. Defendant operates a business at or near 2091 Broadway, 3rd Floor, New York, NY 10023.

10. Defendant is in the business and operation of providing construction services.

11. On or about November 17, 2003, Plaintiff began working for Defendant as an Office Manager and Administrative Assistant.

12. Plaintiff's rate of pay was approximately $36,000 per year which was increased to $40,000.

13. Defendant promised Plaintiff that they would provide and pay for her Health Insurance.

14. On numerous occasions, Plaintiff worked for Defendant for more than 40 hours per week.

15. Despite working over 40 hours per week, plaintiff was not paid overtime, either on a hourly basis or at time and one-half.

16. When plaintiff worked less than 40 hours per week, her paycheck was docked.

17. When plaintiff would inquire about her health insurance, she

was again promised that she would receive same shortly, but never did.

18. At the time of making the above promises, Defendant knew or should have known that they were false.

19. Plaintiff relied on said promises and has been damaged by Defendant's failure to abide by them.

20. Plaintiff had no insurance for herself or for her daughter who became ill and required extensive medical care.

21. Around February/March of 2005, Plaintiff's daughter developed severe anemia.

22. Around March/April of 2005, Plaintiff's daughter was diagnosed with dangerous cysts in her uterus and ovaries for which she required and underwent emergency surgery.

23. While Plaintiff was at her daughter's bedside, Plaintiff was receiving numerous calls from Defendant to return to work, despite being informed of her situation with her daughter.

24. Defendant told plaintiff that her absence was unacceptable and told Plaintiff to return to work.

25. After three days in the hospital, Plaintiff's daughter was released and sent home. At home, her daughter was so weak that she could not even dress or bathe herself, and Plaintiff needed to take care of her.

26. Defendant told Plaintiff that her absence was again unacceptable and insisted to Plaintiff that she either return to

work or get someone else to take care of Plaintiff's daughter.

27. Around April 7, 2005, on account of the insistence and threats from defendant, Plaintiff returned to work and Defendant berated her and blamed her for problems in the office.

28. Around April 8, 2005, Plaintiff took her daughter to school and came to work, again due to the insistence of the Defendant. At work, Plaintiff received a call from the school nurse to come pick up her daughter, because she was very ill. Plaintiff told Defendant she had to leave because it was an emergency and Defendant told Plaintiff she would have to wait for one of the assistants to finish some task and then the other assistant would take her lunch and when she came back, only then could plaintiff leave to pick up her daughter.

29. After waiting as long as Plaintiff could, she left to pick up her sick daughter at school.

30. Plaintiff dropped her daughter off at school and returned to work, again due to the hostility and illegal insistence of the Defendant.

31. Upon return to work, Defendant again berated and retaliated against her.

32. Furthermore, despite having worked numerous weeks at more than 40 hours per week, Defendant docked her pay and paid her for less than 40 hours.

33. Around April of 2005, Plaintiff had to take her daughter to a

doctor's appointment and again was berated by Defendant for doing so.

34. Plaintiff was also promised 2 weeks paid vacation and 5 paid personal/sick days.

35. Defendant failed to provide Plaintiff with the above additional entitlements.

36. Defendant provided other employees with retirement benefits and not Plaintiff and therefore discriminated against her in this regard.

37. Plaintiff repeatedly inquired about her benefits and how and to whom to make a claim, but defendant would continuously ignore her and rebuffed plaintiff's requests.

38. On one occasion, around December of 2004, Defendant told Plaintiff to go through Defendant's broker and sign up for and purchase health insurance for herself and that they would pay for same until she could be enrolled on the company's plan at the next enrollment period.

39. When plaintiff presented defendant with the above bill for the health insurance, defendant denied ever making such a promise or representation.

40. Plaintiff intended to sign up for health insurance for herself and for her daughter.

41. As such, plaintiff has been further damaged.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. § 2612 of the FMLA states in pertinent part:

- (a) In general
    - (1) Entitlement to leave

        Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

        - (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

        - (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

        - (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

        - (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

44. Defendant violated Plaintiff's FMLA rights by failing to provide her with appropriate leave thereunder.

**AS A SECOND CAUSE OF ACTION**
**RETALIATION & INTERFERENCE UNDER THE**
**FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601** *ET SEQ*.

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

46. § 2615 of the Act states as follows:

    Prohibited acts

    - (a) Interference with rights
        - o (1) Exercise of rights

            It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

        - o (2) Discrimination

            It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

47. Defendant interfered with Plaintiff's rights under the above section and discriminated against Plaintiff and constructively discharged plaintiff from her employment for opposing Defendant's unlawful employment practice and attempting to exercise her rights.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

49. Defendant willfully employed Plaintiff in the aforementioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for her employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which she was employed.

50. Defendant' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

51. Defendant docked her pay when she worked under 40 hours per week.

52. As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendant are therefore indebted to Plaintiff for back wages.

53. Defendant's willfully violated the Act.

## AS A FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

55. Defendant and Plaintiff agreed that Defendant would provide and pay for Plaintiff's health insurance.

56. Defendant and Plaintiff agreed that Defendant would provide Plaintiff with other benefits.

57. Defendant breached the above mentioned promises and agreements with Plaintiff.

**58.** As a result of such breach, plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A FIFTH CAUSE OF ACTION
### FRAUD AND MISREPRESENTATION

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

60. Defendant's above-mentioned representations and promises were false and Defendant knew they were false at the time they were made.

61. Plaintiff relied on defendant's representations and was damaged thereby.

62. Plaintiff has incurred numerous medical/hospital expenses and has no health insurance and a result of the Defendant's wrongful acts.

63. As a result of Defendant's fraud and misrepresentations, she has been damaged in an amount to be determined at the time of trial.

## AS A SIXTH CAUSE OF ACTION
## ERISA VIOLATIONS

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

65. Plaintiff also brings this action against Defendant for violation of 29 U.S.C. Section 1132 and section 1104 for failing to provide and pay for Plaintiff's health insurance benefits and to pay and provide for Plaintiff 401(k) and/or other retirement benefits which other employees were receiving and which upon information and belief, plaintiff should be entitled to.

66. Plaintiff was promised health insurance by the Defendant.

67. Plaintiff repeatedly requested from the Plan Administrator for her health insurance and was refused and ignored.

68. Despite Plaintiff's repeated attempts to make a claim for benefits, she was ignored and rebuffed by the Defendant.

69. As a result of Defendant's failure to provide the above benefits, plaintiff has been damaged in an amount to be determined at trial.

## INJURY AND DAMAGES

70. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, overtime payments, health insurance costs, medical bills for herself and daughter, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by the FMLA, The Fair Labor Standards Act

of 1938, applicable ERISA laws, state common law, and that the Defendant unlawfully harassed, discriminated against, constructively discharged, and retaliated against Plaintiff.

B. Awarding damages to the Plaintiff, retroactive to the date of her constructive discharge and prior, for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Ordering the reinstatement of Plaintiff to her position, and/or future income to the Plaintiff in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits she would have expected to earn during her entire lifetime had it not been for Defendant's unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:   New York, NY
         May 18, 2005

                            **AKIN & SMITH, LLC**

                          By:_____

                            Derek T. Smith


                          Attorneys for Plaintiff
                          305 Broadway
                          Suite 1101
                          New York, NY 10007
                          (212) 587-0760

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
KARINA MARTINEZ,               |
                               |
        Plaintiff              |     COMPLAINT
                               |
                               |
                               |
        v.                     |
                               |
                               |
                               |
SILVERLINING INTERIORS, INC.,  |
                               |
        Defendant              |
                               |
------------------------------X
```

---

**COMPLAINT**

---

**AKIN & SMITH, LLC**
Attorneys for Plaintiff
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760